The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 6, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 6, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re: ) Case No. 11-18200
)
TYGER MCCLENDON, ) Chapter 7
)
Debtor. ) Judge Arthur I. Harris
)

MEMORANDUM OF OPINION[1]

This case is currently before the Court on the trustee's objection to the debtor's second amended claim of exemption. At issue is whether the debtor is entitled to exempt some or all of the settlement proceeds from a lawsuit stemming from injuries the debtor sustained after being stabbed at a beauty salon. Unfortunately, the size of the settlement – just $5,500, after deducting the attorney's fee – is dwarfed by both the level of complexity of the legal issues and degree of emotions surrounding this dispute. While the debtor did not oppose the settlement of the lawsuit, the debtor has thus far refused to sign the settlement

---

[1] This opinion is not intended for official publication.

agreement, and, as a result, no settlement funds have been paid to the debtor's estate. For the reasons that follow, the Court will sustain the trustee's objection to the debtor's second amended claim of exemption unless an executed settlement agreement, signed by the debtor, is delivered to the trustee **by 5:00 p.m. on March 27, 2013**. If the debtor does sign and deliver an executed settlement agreement by the date specified, the debtor's second amended claim of exemption will be the subject of further proceedings consistent with this opinion.

## JURISDICTION

An objection to a debtor's claim of exemption is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This Court has jurisdiction over core proceedings pursuant to 28 U.S.C. §§ 157(a) and 1334 and Local General Orders 84 and 2012-7 of the United States District Court for the Northern District of Ohio.

## PROCEDURAL HISTORY AND BACKGROUND

On September 21, 2011, the debtor initiated this bankruptcy case by filing a voluntary petition for relief under Chapter 7. On Schedule C, the debtor claimed an exemption under Ohio Revised Code § 2329.66(A)(12)(c) in the amount of $21,625 in a personal injury claim. On November 1, 2011, the debtor filed an amended Schedule C, with the claim of exemption in the personal injury claim removed.

On February 21, 2012, the trustee filed an application for permission to employ special counsel to pursue the personal injury claim. The Court granted the application on March 12, 2012, without any objection by the debtor. On June 6, 2012, the trustee filed a motion to compromise the debtor's personal injury claim for $6,500, of which $1,000 would be allocated for payment of special counsel, and the Court granted the motion on July 9, 2012, without any objection by the debtor.

The trustee asserts that after the Court granted the motion to compromise, the debtor disregarded several attempts by special counsel to meet and sign the release needed to conclude the settlement. On September 27, 2012, the trustee moved the Court for a Rule 2004 examination of the debtor. On the same day, the Court issued an order authorizing the trustee to examine the debtor under Rule 2004, and directed the debtor to appear on October 19, 2012, for the examination. The debtor appeared for the examination, but refused to sign the release necessary to conclude the settlement. The next day, the debtor filed a second amended Schedule C, and again claimed an exemption under Ohio Revised Code § 2329.66(A)(12)(c) in the personal injury claim in the amount of $21,625.

On November 6, 2012, the trustee objected to the debtor's second amended

claim of exemption. The Court heard oral argument on this matter on December 11, 2012, January 22, 2013, and February 5, 2013, and then took the matter under advisement.

## DISCUSSION

A debtor may generally amend a voluntary petition or schedule as a matter of course at any time before the case is closed. Federal Rule of Bankruptcy Procedure 1009(a); *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984). However, the bankruptcy court may refuse to allow a debtor to amend his or her exemptions where the debtor has acted in bad faith or concealed property. *Lucius*, 741 F.2d at 127. "In the context of an amendment of exemptions, bad faith is determined by an examination of the totality of the circumstances." *In re Colvin*, 288 B.R. 477, 481 (Bankr. E.D. Mich. 2003) (citing *Kaelin v. Bassett* (*In re Kaelin*), 308 F.3d 885 (8th Cir. 2002)). "Mere allegations of bad faith will not suffice; the objecting party must demonstrate the bad faith of the debtor by specific evidence." *In re Colvin*, 288 B.R. at 481-82 (citing *Magallanes v. Williams* (*In re Magallanes*), 96 B.R. 253, 255 (B.A.P. 9th Cir. 1988)); *Brown v. Sachs* (*In re Brown*), 56 B.R. 954, 958 (Bankr. E.D. Mich. 1986)). Bad faith can be found based on an "improper use" test where a debtor is attempting to gain an advantage through the amended claim of exemption; on an "improper purpose"

4

test where a debtor's actions are taken based on malevolence; or when the debtor acts with no basis in law or fact, such as might be found in a Rule 9011 violation. *In re Lambert*, 09-65025, 2010 WL 3604116, at *3 (Bankr. N.D. Ohio Sept. 14, 2010) (applying three possible operational definitions of bad faith found in *In re John Richards Homes Bldg. Co., L.L.C.*, 439 F.3d 248, 255 n.2 (6th Cir. 2006)); *see In re John Richards Homes Bldg. Co., L.L.C.*, 439 F.3d at 255 n.2.

Here, the debtor changed her claim of exemption in the personal injury claim two times for reasons that may be disputed. First, the debtor claimed an exemption in the personal injury claim, then she removed the exemption, and now she attempts to again claim the exemption. The debtor's indecisiveness with regard to her claim of exemption, alone, is not enough to deny her right to amend her claim of exemptions. However, the debtor's failure to cooperate with the trustee is sufficient to deny her right to amend.

A Chapter 7 debtor has a duty to cooperate with the trustee. *See* 11 U.S.C § 521. After failing to object to both the motion to hire special counsel to pursue the debtor's claim and the motion to compromise the claim, the debtor refused to cooperate with the trustee and sign the release necessary to conclude the settlement. If the debtor was dissatisfied with the amount of the settlement, she

5

11-18200-aih    Doc 53    FILED 03/06/13    ENTERED 03/07/13 09:30:52    Page 5 of 7

should have objected to the motion to compromise. The Court finds the debtor's refusal to sign the documents necessary to conclude the settlement constitutes bad faith or prejudice sufficient to deny her amended claim of exemption. However, the Court will give the debtor one final chance to execute an agreement. The Court recognizes that these are difficult circumstances for the debtor, but the debtor needs to understand that if there is no cooperation, then the debtor will lose the right to claim any portion of the remaining $5,500 as exempt.

If the debtor does cooperate, then the Court must still decide the following legal issues:

1. Is the debtor entitled to claim an exemption in the personal injury claim under Ohio Revised Code § 2329.66(A)(12)(c), and if so, how much of the remaining $5,500 may she claim?

2. How much of the debtor's exemption is subject to surcharge for expenses incurred by the trustee as a result of the debtor's failure to cooperate?

CONCLUSION

The Court wants to foster the goals exemplified by Rule 1001 – a just, speedy, and inexpensive determination of every case or proceeding – but is challenged by the level of complexity of the legal issues in comparison to the amount of money in dispute. For the foregoing reasons, the Court will sustain the

trustee's objection to the debtor's second amended claim of exemption unless an executed settlement agreement, signed by the debtor, is delivered to the trustee **by 5:00 p.m. on March 27, 2013**.  If the debtor does sign and deliver an executed settlement agreement by the date specified, the debtor's second amended claim of exemption will be the subject of further proceedings consistent with this opinion.

    IT IS SO ORDERED.